UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANTE´ CORVETTE STONE,     )
                           )
     Plaintiff,            )    Civil Action No. 3:21-CV-P164-CHB
                           )
v.                         )
                           )    **MEMORANDUM OPINION**
UNITED STATES,[1]          )
                           )
     Defendant.            )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dante´ Corvette Stone initiated this action by filing approximately sixty-seven criminal complaint forms against various individuals [R. 1]. In an attachment to the complaint, Plaintiff alleges that the individuals violated "criminal laws against kidnapping, organized criminal syndication, robbery, terrorism, tampering with physical evidence, intimidating a witness in the legal process, tampering with a witness, perjury 1st degree, and forgery 2nd degree (lesser crimes in copious counts)." [R. 1-2]

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority

---

[1] Plaintiff did not name the United States as a Defendant. The Clerk's Office, however, listed the United States as Defendant in the docket sheet for the purposes of opening the case.

of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548–49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). A "private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

As a private citizen, Plaintiff cannot bring criminal charges against any individual. He therefore cannot establish that the Court has subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

This the 23rd day of April, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.010